### THE STATE v. COLMAN RUTTBERG.

Submitted July 2, 1914—Decided February 24, 1915.

1. In reviewing a conviction in a criminal case brought up under the one hundred and thirty-sixth section of the Criminal Procedure act the court will not pass upon the weight of the testimony, but will only determine whether there was sufficient evidence to justify the submission of the case to the jury.

2. The wife of a defendant on trial for fornication is a competent witness to testify as to his sexual capacity, and it is error to exclude questions put to her tending to show that for a number of years prior to the date upon which the offence was charged to have been committed the defendant was sexually impotent.

3. Where a defendant on trial for fornication is asked upon cross-examination about alleged illicit relations with a woman other than the prosecuting witness, and denies such relations, this cross-examination being about a matter wholly collateral to the issue, it is harmful error to permit the state to put in testimony contradicting the defendant upon this point.

4. Upon the review of a conviction had under the provisions of the one hundred and thirty-sixth section of the Criminal Procedure act, it is not necessary that an objection to the admission or rejection of evidence at the trial shall appear to have been specifically and formally made and allowed in order to constitute such admission or rejection a matter for the consideration of the reviewing tribunal. Such objection is not required to be interposed in any particular form, and may be specific, *i. e.*, to a particular question, or general, *i. e.*, to a particular line of testimony.

On error to the Union County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the plaintiff in error, *William Newcorn.*

For the state, *Alfred A. Stein,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted and convicted of the crime of fornication with one Justina W. The case comes up for review under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first ground alleged for reversal is that the evidence does not support the verdict, the argument being that it is not of such a character as to satisfy considerate minds, beyond a reasonable doubt, of the guilt of the defendant. But, as was pointed out by the Court of Errors and Appeals in *State* v. *Jaggers,* 71 *N. J. L.* 281, and again in *State* v. *Herron,* 77 *Id.* 523, even in those cases in which the entire record of the proceedings had upon the trial is returned with

the writ, pursuant to the statute, the court of review is not authorized to pass upon the weight of the testimony adduced at the trial. The limit of its jurisdiction is to determine whether there was sufficient evidence to justify the submission of the case to the jury; and that there was in the cause now before us we have no doubt.

It is next contended that it was harmful error to overrule questions asked of the defendant's wife (who was called as a witness by him) tending to show that, for a number of years prior to the date upon which the offence was alleged to have been committed, he was physically incapable of indulging in sexual intercourse. The ground upon which this ruling was rested seems to have been that proof of sexual incapacity could only be shown by the testimony of a duly qualified physician. But such a theory has no legal support. The question for the jury to determine was whether the defendant had engaged in the sexual act with Justina W. Manifestly that must have depended upon whether he had sufficient virility to be capable of that act; and the testimony of one of the opposite sex, who had personal knowledge of his physical condition from long continued and intimate association with him, was not only competent, but, if believed, potent evidence upon that point. The exclusion of this testimony was harmful error.

It is further contended that the court improperly permitted the state to cross-examine the defendant, over objection, with regard to alleged illicit relations between himself and one Mary V., and, he having denied them, to call Mary V. as a witness and allow her to contradict him. It was error to permit this cross-examination. *State* v. *Mount, 73 N. J. L.* 582. But, as the defendant denied such relations, the error was harmless. The putting of Mary V. upon the witness-stand, however, and allowing her to contradict the defendant upon this point, was manifestly injurious; and it is equally plain that such testimony was incompetent. *State* v. *Mor, 85 Id.* 558, and cases cited. But it is suggested that no objection was introduced on behalf of the defendant to the examination of the witness upon this matter, and that, there-

fore, he cannot complain of its injurious and illegal character. It is to be remembered that the review is had under the liberal provisions of the one hundred and thirty-sixth section of the Criminal Procedure act; and that, although the clause of that section requiring the ordering of a new trial whenever it shall appear that the defendant below suffered manifest wrong or injury either in the admission or rejection of testimony, connotes a judicial ruling upon an objection to such admission or rejection (*State* v. *Hummer,* 81 *Id.* 430), the objection is not required to be introduced in any particular form, and may be specific, *i. e.*, to a particular question, or general, *i. e.*, to a particular line of testimony. Counsel for the defendant having called the attention of the court by his objection, on the cross-examination of his client, to the illegal character of this evidence, was, for the purposes of the trial, bound by its ruling, and it was his duty to submit to that ruling. Further formal objection to this line of testimony, therefore, was unnecessary, for it would have been futile in view of the ruling already had; and it is to be considered that the trial court had in its mind the scope of its ruling, and understood the original objection to cover all subsequent testimony within the zone of that objection. A similar condition would seem to have been before the court in *State* v. *Mount,* 73 *Id.* 582, for it does not appear from a reading of the opinion in the case that any formal objection was made to the testimony of the witness called to contradict the defendant upon the immaterial matter brought out on his cross-examination, and yet it was dealt with as being properly before the court for its consideration and action under the clause of the statute already adverted to. For this ground, also, we think the conviction below must be reversed.

We have considered the other reasons for reversal pressed by defendant's counsel, and find them to be without substance.

The judgment under review will be reversed.